ROBERT E. LEE v. JOYCE S. LEE

No. 881DC786

(Filed 2 May 1989)

1. **Husband and Wife § 12.1— separation agreement—loan as asset—failure to disclose—material breach**

Plaintiff's loan of $102,000 to a corporation in which he had a controlling interest was an asset which he was required by

the terms of a separation agreement to disclose to defendant even if the corporation is in financial difficulty and the loan is uncollectible, and his failure to do so constituted a material breach of the agreement. Therefore, defendant may elect to rescind the separation agreement so that it would not bar defendant's claim for equitable distribution and alimony.

2. **Evidence § 40— testimony beyond personal knowledge of witness—inadmissibility**

Plaintiff's testimony that defendant was familiar with a corporation's books and should have known about a loan to the corporation violated N.C.G.S. § 8C-1, Rule 602, which bars a witness from testifying to a fact of which he has no personal knowledge.

APPEAL by defendant from *Chaffin, Judge.* Order entered 22 March 1988 in District Court, CHOWAN County. Heard in the Court of Appeals 17 February 1989.

Plaintiff-husband and defendant-wife were married on 4 May 1957. They separated and entered into a separation agreement on 18 October 1985. The separation agreement distributed the parties' property and, further, recited that the parties "expressly releases and waives any claims" to equitable distribution under G.S. 50-20.

On 15 January 1987 plaintiff filed a complaint stating that the parties had been living separate and apart for more than one year. Plaintiff requested an absolute divorce and alleged that a separation agreement had been signed by the parties which would bar any equitable distribution proceeding. Defendant answered and counterclaimed for an absolute divorce, alimony, and equitable distribution. She maintained that plaintiff had breached the separation agreement by failing to disclose a loan of $102,000 made by him to Edenton Broadcasting Corporation (Edenton). Plaintiff owned 51% of the Edenton stock. Defendant concluded that plaintiff's breach rendered the separation agreement void. The trial court allowed plaintiff's motion to sever plaintiff's plea in bar from defendant's equitable distribution and alimony claims for a separate trial. Prior to the trial court's hearing the case on plaintiff's plea in bar, the parties were divorced.

On 22 March 1988 the trial court ruled that plaintiff had not breached the separation agreement and that the separation agree-

ment barred defendant's claim for equitable distribution and alimony. From the judgment entered, defendant appeals.

*W. T. Culpepper, III for plaintiff-appellee.*

*D. Keith Teague, by Joseph H. Forbes, Jr., for defendant-appellant.*

EAGLES, Judge.

Defendant appeals the trial court's ruling that the parties' separation agreement bars her claim for equitable distribution and alimony. We hold that plaintiff breached the separation agreement and, accordingly, we reverse and remand for trial.

[1] Defendant first assigns as error the trial court's finding of fact that the plaintiff's loan of $102,000 to Edenton was not an asset owned by plaintiff. We hold that the monies owed plaintiff pursuant to his loan to Edenton was an asset which he was obligated, under the separation agreement, to disclose to defendant.

Pursuant to G.S. 50-20(d) parties may agree in a separation agreement to distribute their property in any fashion they desire without resorting to litigation for equitable distribution. The separation agreement, however, must comply with G.S. 52-10. *See Hagler v. Hagler*, 319 N.C. 287, 354 S.E. 2d 228 (1987). A validly drawn separation agreement which distributes all of the parties' property and complies with G.S. 52-10 bars an equitable distribution claim. *Knight v. Knight*, 76 N.C. App. 395, 333 S.E. 2d 331 (1985). Here defendant does not deny the existence of the separation agreement, but she argues that because plaintiff breached the agreement's terms, it is now void.

In construing separation agreements we are bound by the rules which apply in interpreting any other contract. *Blount v. Blount*, 72 N.C. App. 193, 323 S.E. 2d 738 (1984), *disc. rev. denied*, 313 N.C. 506, 329 S.E. 2d 389 (1985). When a contract is unambiguous, our courts will "determine the legal effect and enforce it as written by the parties." *Id.* at 195, 323 S.E. 2d at 739. Paragraph 7 of the separation agreement states, in part,

> The Husband and Wife acknowledge and affirm that the assets listed herein and on the financial statement prepared by Husband attached hereto as Exhibit "A" constitute all of the real property and all of the items of personal property having a

LEE v. LEE

[93 N.C. App. 584 (1989)]

value of $100.00 or more per item owned by them, either separately or together, and that neither party has an interest in any real property or in any personal property having a value of more than $100.00 per item which has not been disclosed to the other. The Husband and Wife further acknowledged [sic] and affirm that they have relied upon the disclosure of assets as set forth above. The parties further acknowledge, understand and agree that the failure to disclose property shall constitute a material breach of this Agreement and give rise to whatever remedies at law or in equity may be available to either.

Paragraph 7 imposed upon each party an unambiguous obligation to disclose *all* assets whose values are $100 or more. The trial court found that the $102,000 loan "did not constitute an asset owned by the [p]laintiff at the time of his preparation of his financial statement." We disagree. Edenton carried the loan on its corporate books as a liability. Furthermore, upon cross-examination plaintiff admitted that he never intended the transfer of monies to be a gift. He argues that because the corporation's liabilities now exceed its assets the loan is uncollectible and, therefore, worthless. We reject this argument. Even if the loan is uncollectible, as a bad debt the loan could still have certain tax consequences that defendant would need to know in order to properly evaluate the distribution of marital property.

[2] Defendant next argues that the trial court erred in finding that defendant was familiar with the corporation's financial records and should have known about the $102,000 loan. Defendant contends that plaintiff's testimony in this regard violates Rule 602 of the North Carolina Rules of Evidence that a witness may only testify as to matters of which he has personal knowledge. We agree. Plaintiff may testify only about those events to which he has personal knowledge. The evidence presented here does not support the finding that defendant was familiar with the corporation's books.

Defendant's final assignment of error is that the trial court erred in concluding as a matter of law that plaintiff had not committed a material breach of the separation agreement when he failed to disclose the loan to Edenton on his financial statement. We disagree with the trial court. If defendant shows that plaintiff substantially failed to perform those duties required of him pursuant to the separation agreement, the separation agreement may

be rescinded. *Wilson v. Wilson*, 261 N.C. 40, 134 S.E. 2d 240 (1964); *see also Cator v. Cator*, 70 N.C. App. 719, 321 S.E. 2d 36 (1984).

Here the essence of the separation agreement was that the parties must fully disclose all of their assets worth $100 or more. Plaintiff failed to disclose a loan of $102,000 to a corporation in which he held a controlling interest. We hold that plaintiff's failure to disclose the loan, notwithstanding the corporation's current financial condition, constituted a material breach of the separation agreement. Therefore, defendant may elect to rescind the separation agreement. Accordingly, we reverse the trial court's order and remand for further proceedings.

Reversed and remanded.

Judges COZORT and GREENE concur.