BEN RAY KING v. CAROLYN LAWHORN KING

No. 938DC721

(Filed 19 April 1994)

### Divorce and Separation § 13 (NCI4th) — separation agreement — not unconscionable

The trial court did not err by granting defendant's motion for summary judgment where plaintiff and defendant had entered into a separation agreement; defendant was represented by counsel and plaintiff was not; the agreement vested plaintiff with property valued at $11,000 and debts valued at $24,000 while defendant received property valued at $54,600 and debts valued at $6,000; and plaintiff brought this action to set aside the agreement as unconscionable. Assuming that the agreement is procedurally unconscionable, the evidence does not support a determination that the agreement is substantively unconscionable. It cannot be said that the inequality of the distribution shocks the judgment of a person of common sense because it cannot be determined on this record whether the distribution is very much smaller than plaintiff would have received in an equitable distribution trial.

**Am Jur 2d, Divorce and Separation § 836.**

Appeal by plaintiff from order entered 12 February 1993 in Wayne County District Court by Judge Arnold O. Jones. Heard in the Court of Appeals 23 March 1994.

KING v. KING

[114 N.C. App. 454 (1994)]

*Bruce & Baskerville, by R. Michael Bruce, for plaintiff-appellant.*

*Hollowell & Albertson, P.A., by Jean P. Hollowell, for defendant-appellee.*

GREENE, Judge.

Ben Ray King (plaintiff) appeals from an order entered 12 February 1993 in Wayne County District Court, granting Carolyn Lawhorn King's (defendant) motion for summary judgment in plaintiff's action to set aside and declare null and void a separation and property agreement (the Agreement).

The evidence, in the light most favorable to plaintiff, *Patterson v. Reid*, 10 N.C. App. 22, 28, 178 S.E.2d 1, 5 (1970) (evidence viewed in light most favorable to non-movant in summary judgment hearing), shows that plaintiff and defendant, who were married, separated on 22 April 1992. On 19 May 1992, they entered into and signed the Agreement. Although defendant was represented by counsel, Mr. William A. Holland, Jr. (Mr. Holland), during the preparation and negotiation of the Agreement, plaintiff was not represented by counsel at that time. Under the terms of the Agreement, plaintiff conveyed $8,100.00 in personal property to defendant and retained $11,000.00 in personal property. He also conveyed real property with a fair market value of $46,600.00 to defendant and retained no real property for himself. Plaintiff agreed to pay marital debts of $24,040.00 while defendant agreed to pay marital debts totaling approximately $6,000.00.

On 15 September 1992, plaintiff filed a verified complaint in Wayne County District Court seeking to have the Agreement set aside and declared null and void because the Agreement is "manifestly unfair to the plaintiff because of the overreaching of the defendant and her attorney" and "is unconscionable." In his complaint, plaintiff stated that defendant and Mr. Holland never advised him that he "was entitled to an equitable distribution of the marital property notwithstanding any marital misconduct" on his part. He also alleged that he "was not given the opportunity to consult with counsel prior to the signing of the . . . Agreement and did not understand the extent to which he was not being treated fairly." Plaintiff also alleged defendant "stated that if [he] did not sign the agreement and deeds, she would go to his employer, place of business, create a scene, and have [him] fired." Defendant, in her verified answer, alleged that plaintiff "did not want counsel

although he was informed that he had the right to counsel and was encouraged to get separate counsel by W.A. Holland, attorney at law." She also alleged that the Agreement "was agreed upon by both parties and in particular, the plaintiff had ample opportunity to negotiate the terms and discuss them with counsel. That he entered into this Agreement voluntarily and without any collusion, fraud, overreaching or any other unconsionable [sic] act."

On 3 December 1992, defendant filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. She supported her motion with the pleadings and an affidavit by Mr. Holland which provides in pertinent part:

6. [Plaintiff], during his discussion with me, was told that he was entitled to assistance of counsel, and if he had any questions about the agreement that he did not understand, it would be necessary for him to seek his own counsel, as I could not advise him on the agreement since I represented [defendant].

7. [Plaintiff] informed me that the agreement contained all of the matters he and his wife had agreed upon; however, he had changed his mind with regard to a few of the matters, and those were the ones he had discussed with me. He indicated he did not desire to retain private counsel for the purpose of executing this agreement, since he had agreed to all of it and only wanted to retain the farming implements, which [defendant] agreed to allow him to retain.

8. [Plaintiff], in my opinion, voluntarily and knowingly executed the Separation Agreement and Property Settlement, the Deeds and the Voluntary Support Agreement for the purpose of having child support paid through the Clerk of Superior Court of Johnston County.

In opposition to defendant's motion for summary judgment, plaintiff submitted his own affidavit which states in pertinent part:

2. [Defendant] told the plaintiff that Mr. Holland would be representing both the plaintiff and the defendant and that he, the plaintiff, would be required to pay one-half of the lawyer's fee.

. . . .

**KING v. KING**

[114 N.C. App. 454 (1994)]

4. Between May 12 or May 13, 1992, and Tuesday, May 19, 1992, the defendant threatened to go to the plaintiff's employer's place of business, create a scene, and get the [plaintiff] fired.

5. On May 19, 1992, the plaintiff, in order to prevent the defendant from carrying out such threats, went to the office of W.A. Holland, Jr. and signed the papers.

6. At no time was the plaintiff ever told by W.A. Holland, Jr. that he was entitled to the assistance of counsel. The plaintiff understood that W.A. Holland, Jr. was representing both the plaintiff and the defendant in the preparation of the separation agreement.

7. At no time on May 12, 13, or 19, 1992, did W.A. Holland, Jr. tell the plaintiff that he was entitled to an equitable share of the marital property. The plaintiff understood that he was obligated to support his wife because he made more money than she did.

. . . .

9. At the time that the [plaintiff] signed the separation agreement on May 19, 1992, he did not realize that paragraph 14 was a part of the agreement and certainly did not know that W.A. Holland, Jr. was representing [defendant] and not representing [plaintiff].

Based on this evidence, the trial court granted defendant's motion for summary judgment.

---

The issue presented is whether the evidence in this record can support a conclusion that the Agreement is unconscionable and consequently unenforceable.

Separation agreements which must be executed "while the [married] parties are separated or are planning to separate immediately," *Morrison v. Morrison*, 102 N.C. App. 514, 518, 402 S.E.2d 855, 858 (1991), property settlement agreements which may be executed "[b]efore, during or after marriage," N.C.G.S. § 50-20(d) (1987), and premarital agreements which must be executed "in contemplation of marriage," N.C.G.S. § 52B-2(1) (1987), are not enforceable if the terms of the agreement are unconscionable. *Howell v. Landry*, 96 N.C. App. 516, 525, 386 S.E.2d 610, 615 (1989) (premarital and

postmarital agreements), *disc. rev. denied*, 326 N.C. 482, 392 S.E.2d 90 (1990); N.C.G.S. § 52B-7(a) (1987) (premarital agreements); *Stegall v. Stegall*, 100 N.C. App. 398, 401, 397 S.E.2d 306, 307 (1990) (separation and property settlement agreements), *disc. rev. denied*, 328 N.C. 274, 400 S.E.2d 461 (1991); *Knight v. Knight*, 76 N.C. App. 395, 398, 333 S.E.2d 331, 333 (1985) (separation agreements); *Brenner v. School House, Ltd.*, 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981) (contracts in general); *Unif. Marriage and Divorce Act* § 306(b), 9A U.L.A. 135 (1979) (separation and property agreements).

Unconscionability has both procedural and substantive elements. *Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 19, 411 S.E.2d 645, 648 (1992). "Procedural unconscionability involves 'bargaining naughtiness' in the formation of the contract," i.e., fraud, coercion, undue influence, misrepresentation, inadequate disclosure. *Id.* at 20, 411 S.E.2d at 648. "Substantive unconscionability . . . involves the harsh, oppressive, and 'one-sided terms of a contract,'" i.e., inequality of the bargain. *Id.* The inequality of the bargain, however, must be "so manifest as to shock the judgment of a person of common sense, and . . . the terms . . . so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Brenner*, 302 N.C. at 213, 274 S.E.2d at 210. Although this language is not precise, "it does suggest that . . . [an] agreement would be set aside if it just provides an amount of alimony or property for a spouse which appears to be very much larger or very much smaller than a court would consider appropriate." *Homer H. Clark, Jr., The Law of Domestic Relations in the United States* § 18.2, at 762 (2d ed. 1988).

The question of unconscionability must be determined as of the time the contract was executed, N.C.G.S. § 52B-7(a)(2) (1987), and after any issues of fact are resolved, presents a question of law for the court. *Rite Color*, 105 N.C. App. at 21, 411 S.E.2d at 649. A conclusion that the contract is unconscionable requires a determination that the agreement is both substantively and procedurally unconscionable. *Id.* at 20, 411 S.E.2d at 649. Thus, there is no requirement for the trial court to make an "independent determination regarding the 'fairness' of the substantive terms of the agreement, so long as the circumstances of execution were fair." *Hill v. Hill*, 94 N.C. App. 474, 480, 380 S.E.2d 540, 545 (1989).

Assuming without deciding that the Agreement is procedurally unconscionable, the judgment for the defendant must nonetheless be affirmed because the evidence does not support a determination that the Agreement is substantively unconscionable. The Agreement vested the plaintiff with personal and real property valued at $11,000.00 and debts valued at $24,040.00. The defendant received personal and real property valued at $54,600.00 and debts valued at $6,000.00. Whether this distribution is "very much smaller" than plaintiff would have received in an equitable distribution trial is a question we cannot answer on this record. Therefore, we cannot hold that the inequality of the distribution "shock[s] the judgment of a person of common sense."

Affirmed.

Judges JOHNSON and JOHN concur.