CLIFTON I. DAUGHTRY, Plaintiff v. LOUISE N. DAUGHTRY, Defendant

No. COA97-591

(Filed 3 March 1998)

### Divorce and Separation § 8 (NCI4th)— separation agreement—disclosure obligation—governed by agreement

The trial court correctly dismissed defendant's counterclaims pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff filed for absolute divorce and defendant counterclaimed based on allegations including fraud and breach of contract, alleging that plaintiff had falsely represented in paragraph 20 of the separation agreement that he had fully disclosed all marital assets and that the division of assets in the agreement was fair. Even assuming that plaintiff did not fully disclose information regarding his properties and finances, paragraph twenty of the agreement requires a full and accurate disclosure only with respect to the information requested and there is no contractual language that obligates the parties to make a full disclosure with respect to all marital property. Defendant's argument that every spouse as a party to a separation or property settlement agreement has an affirmative obligation to make a full and accurate disclosure of his or her assets and debts is rejected; the duty to disclose is governed by the agreement when the parties are not in a confidential relationship at the time of the agreement.

Appeal by defendant from order filed 25 September 1996 by Judge William A. Christian and from order filed 26 November 1996 by Judge Albert A. Corbett, Jr. in Johnston County District Court. Heard in the Court of Appeals 14 January 1998.

*Daughtry, Woodard, Lawrence & Starling, L.L.P., by Stephen C. Woodard, Jr. and Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiff appellee.*

*Mast, Schulz, Mast, Mills & Stem, P.A., by George B. Mast, Bradley N. Schulz, and Christie C. Stem, for defendant appellant.*

GREENE, Judge.

Louise N. Daughtry (defendant) appeals from an order of the trial court dismissing her counterclaims against Clifton I. Daughtry (plaintiff) pursuant to Rule 12(b)(6).

The facts are as follows: the plaintiff and the defendant were married on 20 August 1971 and separated on 28 March 1994. On 21 December 1994, the plaintiff and the defendant signed a separation and property settlement agreement (Agreement) in which the defendant waived any claims she may have had for post-separation support, alimony, and equitable distribution. Each party was represented by an attorney in the negotiation of the Agreement. Paragraph twenty of the separation agreement provided in pertinent part as follows:

FULL DISCLOSURE: Each party warrants, . . . that each has fully and completely discharged all information regarding property and finances requested by the other and that no information of any such nature has been subjected to distortion or in any manner misrepresented. Each party warrants and acknowledges that he or she fully acknowledges that this [A]greement is reasonable, fair, and equitable in light of all the circumstances of the parties, the financial conditions of each of the parties, the indebtedness of the estates, and the conditions as set forth in North Carolina General Statute 50-20. Each of the parties waives any further disclosure or right to seek disclosure within this matter.

On 21 December 1994, the defendant also filed a stipulation of voluntary dismissal with prejudice of a complaint filed on 12 October 1994 in which she had asked for alimony, equitable distribution, child custody, and child support.

On 23 April 1996, the plaintiff filed for absolute divorce. In June of 1996, the defendant filed an answer and counterclaimed for damages based on claims of fraud and breach of contract, alleging that in paragraph twenty of the Agreement, "the plaintiff [falsely] represented to the defendant that he had fully disclosed to the defendant

all assets which were marital assets, and that the division of the assets set forth in the [A]greement was fair." The defendant also alleged she was entitled to have the Agreement declared null and void based on her claims for breach of fiduciary duty, undue influence, mutual mistake, and on the basis that the Agreement was unconscionable. Finally, she sought, by way of counterclaims, post-separation support, alimony, equitable distribution, and attorney fees in the event the Agreement was declared null and void.

Judge William A. Christian (Judge Christian) dismissed the defendant's counterclaims for post-separation support, alimony, attorney fees, and equitable distribution on the grounds she had previously asserted these claims in her 12 October 1994 complaint and had taken a voluntary dismissal with prejudice of those claims. Judge Christian allowed the defendant's motion to compel discovery on the other counterclaims. Prior to completion of the discovery, however, Judge Albert A. Corbett, Jr. (Judge Corbett) dismissed the remaining counterclaims pursuant to Rule 12 "after reviewing the pleadings and pertinent case law . . . ."

The defendant appealed the dismissals entered by Judge Christian and Judge Corbett. In oral argument to this Court, however, the defendant conceded the correctness of Judge Christian's order and further indicated that she was not, therefore, seeking to have the Agreement declared null and void. Her argument on appeal is that she has alleged a claim for relief based on the plaintiff's breach of the terms of the Agreement and that she is therefore entitled to damages.

The dispositive issue is whether the language of paragraph twenty of the Agreement can support the defendant's claim that the plaintiff represented to her that "he had fully disclosed to the defendant all assets which were marital assets, and that the division of assets . . . was fair."

Paragraph twenty of the Agreement is central to the defendant's claims that the plaintiff has made false and fraudulent representations to her. The defendant contends that in paragraph twenty of the Agreement the plaintiff "represented . . . that he had fully disclosed . . . all assets which were marital." The plaintiff contends that "[n]owhere in [p]aragraph 20 of the Agreement does [the plaintiff] represent that he has made a full disclosure of all marital assets." We agree with the plaintiff. Paragraph twenty of the Agreement is nothing more than an acknowledgment by each party that each of them

has "fully and completely discharged all information regarding property and finances requested by the other." There is no contractual language that obligates the parties to make a full disclosure with respect to all marital property. A full and accurate disclosure is required only with respect to that information requested. Indeed, each party waived any right to seek disclosure beyond that requested: "Each of the parties waives any further disclosure or right to seek disclosure . . . ." In this case, the defendant does not allege that the plaintiff distorted or misrepresented information regarding property and finances *requested by her*. Thus, even assuming the plaintiff did not fully disclose to the defendant information regarding his properties and finances, there has been no breach of contract or fraud.[1] The trial court, therefore, correctly dismissed the defendant's counterclaims pursuant to Rule 12(b)(6).[2] *See Barnaby v. Boardman*, 70 N.C. App. 299, 302, 318 S.E.2d 907, 909 (1984) (Rule 12(b)(6) motion requires trial court to determine whether allegations give rise to any claim), *reversed on other grounds*, 313 N.C. 565, 330 S.E.2d 600 (1985).

In so holding we reject the defendant's argument that every spouse as party to a separation and/or property settlement agreement has an affirmative obligation to make a full and accurate disclosure of his or her assets and debts. Our Court has held that when the parties are in a confidential relationship "there is a duty to disclose all material facts, and failure to do so constitutes fraud" supporting avoidance of the agreement or damages. *Harroff v. Harroff*, 100 N.C. App. 686, 690, 398 S.E.2d 340, 343 (1990), *disc. review denied*, 328 N.C. 330, 402 S.E.2d 833 (1991). When the parties are not in a confidential relationship at the time of the negotiation of the agreement(s), the duty to disclose is governed by the agreement(s). When the parties are not in a confidential relationship and there is no language in the agreement(s) addressing the duty to disclose, inadequate

---

1. Compare with *Lee v. Lee*, 93 N.C. App. 584, 588, 378 S.E.2d 554, 556 (1989), where the parties to a separation agreement agreed that there had been a full disclosure of assets and the Court held that the failure to disclose the existence of an asset constituted a breach.

2. The fact that the Rule 12 dismissal order was entered by Judge Corbett prior to the completion of the discovery order entered by Judge Christian does not require a different result. A Rule 12 motion is based on the pleadings and whatever evidence may have been subsequently discovered and revealed to the trial court would not have been material. The order entered by Judge Corbett is unambiguous in stating that he considered only the pleadings and we are bound by that entry. Thus, we reject the defendant's argument that the Rule 12 motion was converted into a Rule 56 motion because Judge Corbett considered matters outside the pleadings.

or fraudulent disclosure by either party in the bargaining process can constitute procedural unconscionability and when combined with substantive unconscionability, justifies relief from the terms of the agreement(s). *See King v. King*, 114 N.C. App. 454, 458, 442 S.E.2d 154, 157 (1994). In this case, both parties had attorneys representing them in the negotiation of the Agreement and thus a confidential relationship did not exist, *Harton v. Harton*, 81 N.C. App. 295, 297, 344 S.E.2d 117, 119, *disc. review denied*, 317 N.C. 703, 347 S.E.2d 41 (1986), and any duty to disclose, therefore, was controlled by paragraph twenty of the Agreement.

Affirmed.

Judges JOHN and MARTIN, Mark D., concur.