JOHN L. GREENE, Plaintiff
v.
SUSAN GREENE COLBY, Defendant.
No. COA08-155
Court of Appeals of North Carolina
Filed October 21, 2008
This case not for publication
Crossley McIntosh & Collier, by Andrew J. Hanley and Justin K. Humphries, for plaintiff-appellant.
Pennington & Smith, PLLC, by Ralph S. Pennington and Kristy J. Jackson, for defendant-appellee.
HUNTER, Judge.
John L. Greene ("plaintiff") appeals from an "Order Dismissing [his] Complaint" against his ex-wife, Susan Greene Colby ("defendant"), based on the running of the applicable statute of limitations. After careful review, we affirm.

I. Background
Plaintiff and defendant married on 27 July 1968. On or about 21 June 1995, they separated. On 3 July 1995, plaintiff and defendant entered into a written and properly executed separation agreement and property settlement ("SAPS"). As to the division of property between the parties, the SAPS specified that defendant was to receive: (1) the marital home; (2) the funds in the parties' savings account and safe; (3) all of the stock in the parties' corporation, J & S Greenwood Enterprises, Inc. ("J&S")[1]; (4) her personal effects; and (5) one-half of the household furnishings. Plaintiff was to receive: (1) the parties' Taurus automobile; (2) his personal effects, guns, hobby equipment, and tools; and (3) one-half of the household furnishings. In addition, the SAPS provided the following regarding three tracts of real property:
The parties own three other tracts of real property. The parties agree that, with respect to that property: (i) if the same is sold the parties shall equally divide the proceeds from such sale; (ii) if the Husband defaults on payments with respect to said property and the Wife has to make payments, she shall recoup any amount which she has to pay on this indebtedness off the top when the property is sold and thereafter the remaining balance shall be equally divided between the parties; and (iii) if this property is not sold prior to the divorce of the parties hereto, the parties agree to deed this property to each other such that they will own it as joint tenants with right of survivorship after their divorce.
On 30 September 1995, prior to the parties' divorce, plaintiff and defendant executed a general warranty deed transferring one of the tracts to J&S. On 30 July 1996, the parties divorced without having sold the subject property. On 16 August 1996, approximately two weeks after their divorce, the parties executed another general warranty deed conveying the remaining two tracts to defendant.
In 2007, defendant listed the properties for sale, refused to convey the properties to the parties as joint tenants, and stated that she would not share any sales proceeds with plaintiff. As a result, on 13 July 2007, plaintiff filed suit in Brunswick County Superior Court based on an underlying breach of contract. Plaintiff sought specific performance of the SAPS, or in the alternative, damages. On 16 August 2007, defendant filed: (1) a motion to transfer the action to the district court, (2) an answer asserting various affirmative defenses, and (3) a Rule 12(b)(6) motion to dismiss. On 27 September 2007, plaintiff filed a response to defendant's answer and motions in which he: (1) consented to the transfer of the action, (2) argued that defendant's affirmative defenses were not pled with sufficient specificity, and (3) contested defendant's motion to dismiss. On 24 September 2007, defendant filed an affidavit and copies of the recorded deeds, which the parties had executed on 30 September 1995 and 16 August 1996 respectively, and certified that she served plaintiff with these documents via United States mail on 25 September 2007.
On 2 October 2007, a hearing was held regarding defendant's motion to dismiss. Defendant argued solely that plaintiff's action should be dismissed because it was barred by the ten year statute of limitations applicable to contracts signed under seal. On 8 October 2007, the trial court entered an "Order Dismissing [Plaintiff's] Complaint" because "Plaintiff's action [was] barred by a ten (10) year statute of limitations." Plaintiff appeals.

II. Analysis
At the outset, we address the section in defendant's brief asking us to dismiss plaintiff's appeal due to appellate rules violations. Since the record on appeal contains no motion to dismiss filed in accordance with Rules 25 and 37 of the North Carolina Rules of Appellate Procedure, we decline to address this argument as presented in defendant's brief. E.g., Morris v. Morris, 92 N.C. App. 359, 361, 374 S.E.2d 441, 442 (1988); see also N.C.R. App. P. 25; N.C.R. App. P. 37. In addition, because we do not believe that plaintiff's non-jurisdictional appellate rules violations rise to the level of "`substantial failure'" or "`gross violation,'" especially given the confusing nature of the trial court's order here, we decline to impose sanctions and elect to "perform [our] core function of reviewing the merits of the appeal to the extent possible." Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 199, 657 S.E.2d 361, 366 (2008); see also N.C.R. App. P. 25; N.C.R. App. P. 34.

A. Fraud, Mistake, and Equitable Relief
Here, plaintiff argues the trial court erred "by applying a ten year statute of limitations to a complaint alleging fraud, mistake[,] and seeking equitable relief" and that his complaint was sufficient to establish the "elements of a constructive trust and equitable lien making the statute of limitations inoperative." At the outset, we note that while plaintiff mentions the imposition of an equitable lien in an argument heading in his brief, he neither presents any substantive argument regarding this issue nor cites any authority in support of it in his brief. Accordingly, this argument is abandoned pursuant to N.C.R. App. P. 28(b)(6).
Plaintiff asserts that paragraph twelve of his complaint, which states "Defendant provided Plaintiff with deeds to sign, and Plaintiff signed the respective deeds believing he was in compliance with [the] separation agreement[,]" was sufficient to establish mutual mistake and fraud. He contends he established a claim for the imposition of a constructive trust because his complaint alleged that defendant obtained title to the properties while she was under a contractual duty to convey the properties to both parties as joint tenants with right of survivorship. For the reasons discussed below, we dismiss plaintiff's assignments of error pertaining to fraud, mutual mistake, and the imposition of a constructive trust.
"`In all averments of fraud . . . or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" Best v. Perry, 41 N.C. App. 107, 111, 254 S.E.2d 281, 284 (1979) (citation omitted); see also N.C. Gen. Stat. § 1A-1, Rule 9(b) (2007). "[I]n pleading actual fraud the particularity requirement is met by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." Terry v. Terry, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981). "Because a mutual mistake is one that is common to all the parties to a written instrument, the party raising the [issue] must state with particularity the circumstances constituting mistake as to all of the parties to the written instrument." Best v. Ford Motor Co., 148 N.C. App. 42, 47, 557 S.E.2d 163, 166 (2001) (internal citation and emphasis omitted), affirmed per curiam, 355 N.C. 486, 562 S.E.2d 419 (2002). "Constructive trusts ordinarily arise from actual or presumptive fraud and usually involve the breach of a confidential relationship." Fulp v. Fulp, 264 N.C. 20, 22, 140 S.E.2d 708, 711 (1965) (citations omitted). "A constructive fraud claim requires. . . less particularity [than actual fraud] because it is based on a confidential relationship rather than a specific representation." Terry, 302 N.C. at 85, 273 S.E.2d at 678-79.
[T]he particularity requirement may be met by alleging facts and circumstances "(1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff."
Id. at 85, 273 S.E.2d at 679 (citation omitted; alteration in original). "[W]hile a husband and wife generally share a confidential relationship, this relationship ends when the parties become adversaries." Lancaster v. Lancaster, 138 N.C. App. 459, 463, 530 S.E.2d 82, 85 (2000) (citing Avriett v. Avriett, 88 N.C. App. 506, 508, 363 S.E.2d 875, 877, affirmed, 322 N.C. 468, 368 S.E.2d 377 (1988)).
Here, plaintiff and defendant had entered into an adversarial relationship with each other. Plaintiff's complaint states that the SAPS "was [the] result of thorough negotiation[s] between the parties," and the SAPS states that the parties "have independently consulted with their respective attorneys, or have been advised of their right to do so and have waived this right concerning this agreement[.]" Further, when the deeds were executed, the parties were already separated or divorced. Hence, while the SAPS created a contractual relationship between the parties, they no longer stood in a confidential relationship at the time they executed the deeds. In addition, plaintiff's complaint, including paragraph twelve, does not allege sufficient facts or circumstances to establish fraud, mutual mistake, or the imposition of a constructive trust. Furthermore, nothing in the record shows that plaintiff ever offered any greater level of specificity to the trial court or that he ever explicitly asserted fraud, mistake, or constructive fraud below.[2] Because we conclude that plaintiff did not adequately plead fraud, mutual mistake, or constructive fraud and did not raise these issues below, we dismiss these assignments of error.

B. Summary Judgment
Next, plaintiff asserts that the trial court erred by: (1) making findings of fact and conclusions of law in its order, and (2) concluding that the parties' execution of the deeds which transferred the properties to defendant or her corporation constituted a breach which triggered the accrual or running of the statute of limitations. Plaintiff grounds his analysis within the context of a Rule 12(b)(6) motion to dismiss. For the reasons discussed below, these arguments are without merit.
At the outset, we note that contrary to the analytical grounding advanced in plaintiff's brief, defendant's motion to dismiss is properly treated as a motion for summary judgment. E.g., Ronald G. Hinson Electric, Inc. v. Union County Bd. of Educ., 125 N.C. App. 373, 375-76, 481 S.E.2d 326, 328 (1997) (when the trial court is presented with and considers matters outside of the pleadings, the "motion to dismiss must therefore `be treated as a motion for summary judgment and disposed of in the manner and on the conditions stated in G.S. 1A-1, Rule 56'") (citation omitted); see also N.C. Gen. Stat. § 1A-1, Rule 12(b) (2007). Here, defense counsel filed an affidavit and copies of the deeds to the tracts with the trial court and called the court's attention to the affidavit during the 2 October 2007 hearing; in addition, the trial court's order states that it was based upon, inter alia, the "affidavits submitted." Hence, defendant's motion is properly treated as one for summary judgment.[3] Accordingly, the sole question before us here is whether summary judgment was properly granted in defendant's favor. On appeal, the standard of review is de novo. Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007).
When ruling on a motion for summary judgment, the evidence must be considered in the light most favorable to the nonmoving party. Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). Reversible error is not established simply because a trial court makes findings of fact and conclusions of law in ruling on a motion for summary judgment. See, e.g., Lee v. King, 23 N.C. App. 640, 643, 209 S.E.2d 831, 833 (1974). However, summary judgment should only be granted if the moving party demonstrates there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Roumillat, 331 N.C. at 62, 414 S.E.2d at 341. A defendant may show she is entitled to summary judgment by: "`(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim.'" James v. Clark, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, (citation omitted), disc. review denied, 340 N.C. 359, 458 S.E.2d 187 (1995). "`Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial.'" Draughon v. Harnett Cty. Bd. of Educ., 158 N.C. App. 705, 708, 582 S.E.2d 343, 345 (2003) (citation omitted), affirmed per curiam, 358 N.C. 137, 591 S.E.2d 520 (2004).
"[A] fact is material if it would constitute or would irrevocably establish any material element of a claim or defense." City of Thomasville v. Lease-Afex, Inc., 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980) (citation omitted). Consequently, the statute of limitation defense implicates a material fact. Generally, "[w]hether a cause of action is barred by a statute of limitation is a mixed question of law and fact[.]" Little v. Rose, 285 N.C. 724, 727, 208 S.E.2d 666, 668 (1974) (citations omitted). However, if the statute of limitations is properly pleaded and the pertinent facts are not in conflict, the question becomes one of law. Teele v. Kerr, 261 N.C. 148, 149, 134 S.E.2d 126, 127 (1964) (citation omitted).
In determining whether a cause of action is barred by the statute of limitations, courts must determine the applicable limitations period and the date of accrual of the action. See, e.g., James, 118 N.C. App. at 183, 454 S.E.2d at 829. The applicable statute of limitations for breach of contract actions is generally three years. N.C. Gen. Stat. § 1-52(1) (2007). However, if a contract is signed under seal, the statute of limitations is ten years. N.C. Gen. Stat. § 1-47(2) (2007); see also Harris v. Harris, 50 N.C. App. 305, 313-14, 274 S.E.2d 489, 494 (separation agreement treated as contract signed under seal), disc. review denied, 302 N.C. 397, 279 S.E.2d 351 (1981). The limitations period begins to run when the claim accrues, and in a breach of contract action, the claim generally accrues upon breach. Pearce v. Highway Patrol Vol. Pledge Committee, 310 N.C. 445, 448, 312 S.E.2d 421, 424 (1984).
Viewing the evidence in accordance with the well-established summary judgment principles and the applicable law stated above, we conclude the trial court did not err in entering summary judgment in defendant's favor. Here, defendant raised the statute of limitations defense in her response to plaintiff's complaint and asserted that the applicable statute of limitations was ten years because the SAPS was signed under seal. Plaintiff does not dispute: (1) that the SAPS was signed under seal, (2) the dates the parties executed the deeds, or (3) the filing date of his action. In fact, plaintiff does not establish any actual issue of material fact as to the applicable statute of limitations. Rather, plaintiff essentially argues that a genuine issue of material fact exists as to when the parties breached the SAPS, consequently affecting when his action accrued and when the statute of limitations began to run. Specifically, plaintiff contends that the SAPS was not breached until 2007 when defendant listed the property for sale and informed plaintiff that she would neither convey the properties to the parties as joint tenants nor share the proceeds from any sale with plaintiff. While plaintiff argues that "[s]eparation agreements create continuing obligations," he does not cite any authority establishing this principle of law or explain how such a principle would negate a breach of contract or toll the running of the statute of limitations in the event of breach. However, plaintiff does cite Penley v. Penley, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985), as "instructive on this point[,]" contending that "[t]he facts of Penley are analogous to this case" and support a conclusion that the SAPS was not breached until 2007. We disagree.
Penley involved a breach of contract action based upon the defendant wife's violation of an oral agreement made between her and the plaintiff husband whereby the parties agreed that they would incorporate their restaurant business (which they had operated for approximately ten years as an informal joint enterprise), and that both of them would respectively receive forty-eight percent of the stock in the new corporation with their son receiving the remaining four percent. Id. at 4-5, 332 S.E.2d at 53-54. While a majority in the Court of Appeals concluded that the date of accrual for the plaintiff's breach of contract action was 5 January 1978, which was the earliest date on which the newly formed corporation could have issued the stock, our Supreme Court disagreed. Id. at 20-21, 332 S.E.2d at 62-63. That Court noted that subsequent to incorporation, the board of directors had never met, no stock had been issued, no requests or denials for the issuance of stock had ever occurred, and the parties continued to operate the business as they had in the past. Id. Hence, the failure to issue stock on the earliest possible date did not constitute an affirmative act establishing breach. See id. at 21, 332 S.E.2d at 63. The Court concluded that by asserting exclusive control over the corporation and its assets on 9 April 1979, the defendant had taken an affirmative action indicating breach. See id. Consequently, the Court determined that April 1979 was the accrual date for the plaintiff's action. Id.
Here, unlike in Penley, there is no question that on 16 August 1996 defendant committed an affirmative action which indicated breach by presenting plaintiff with a deed whose clear language violated the terms of the SAPS and that the parties breached the SAPS provision dealing with the three tracts at issue by executing the deed. Our Supreme Court has repeatedly stated:
"Where there is a breach of an agreement or the invasion of an agreement or the invasion of a right, the law infers some damage. . . . The losses thereafter resulting from the injury, at least where they flow from it proximately and in continuous sequence, are considered in aggravation of damages. . . . The accrual of the cause of action must therefore be reckoned from the time when the first injury was sustained. . . . When the right of the party is once violated, even in ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete."
Matthieu v. Gas Co., 269 N.C. 212, 215, 152 S.E.2d 336, 339 (1967) (citation omitted; alterations in original). Further, our law is clear that
where a person of mature years, of sound mind, who can read or write, signs or accepts a deed or formal contract affecting his pecuniary interest, it is his duty to read it, and knowledge of the contents will be imputed to him in case he has negligently failed to do so. But this is subject to the qualification that nothing has been said or done to mislead him or to put a man of reasonable business prudence off his guard in the matter.
E.g., Elam v. Realty Co., 182 N.C. 600, 603, 109 S.E. 632, 634 (1921) (citations omitted).
Here, the deeds clearly transferred the property solely to defendant or her corporation, and plaintiff has tendered no evidence regarding what might have been said or done to mislead him. Thus, we conclude that no material question of fact exists as to the date of accrual and that plaintiff's cause of action began to accrue on 16 August 1996. By waiting until 13 July 2007, his suit became barred by the statute of limitations.

III. Conclusion
In sum, after careful review, we conclude that the trial court did not err in granting summary judgment in defendant's favor because there are no genuine issues of material fact as to the applicable statute of limitations or the date of accrual of plaintiff's action and defendant was entitled to judgment as a matter of law. Consequently, we affirm the trial court's order. Affirmed.
Chief Martin MARTIN and Judge WYNN concur.
Report per Rule 30(e).
NOTES
[2] Apparently, plaintiff did bring a motion to amend his complaint, which the trial court denied. However, he did not bring this purported error forward in his assignments of error and does not argue this issue in his brief. Accordingly, he failed to preserve this issue for appellate review. See N.C.R. App. P. 10; N.C.R. App. P. 28(b)(6).
[3] The record contains no evidence that plaintiff objected to the hearing, sought to present additional evidence via affidavit or otherwise, or requested a continuance. Raintree Corp. v. Rowe, 38 N.C. App. 664, 667-68, 248 S.E.2d 904, 907 (1978). In addition, plaintiff neither assigned error to nor argued this point in his brief. Accordingly, he failed to preserve these issues for appellate review.