MARVIN D. RIDINGS v. CORNELIA A. RIDINGS

No. 8121DC296

(Filed 2 February 1982)

1. **Rules of Civil Procedure § 56— unpleaded defenses raised by evidence — consideration on summary judgment motion**

   Unpleaded defenses, when raised by the evidence, should be considered in resolving a motion for summary judgment; however, it is the better practice to require a formal amendment to the pleadings.

2. **Cancellation and Rescission of Instruments § 3; Husband and Wife § 12.1— separation agreement — undue influence — ratification**

   Plaintiff ratified a separation agreement and was thus foreclosed from attempting to set it aside on the ground of undue influence where the undue influence allegedly occurred prior to the execution of the agreement and there was no evidence of undue influence after the date the agreement was signed; for some months after the agreement was signed, plaintiff accepted and retained benefits growing out of the agreement in that defendant made tax, mortgage and insurance premium payments on the dwelling owned by the parties as tenants in common, defendant contributed to its general maintenance, and defendant transferred to plaintiff certain property listed in the separation agreement, including title to a Cadillac automobile; and plaintiff made alimony payments for some months and conveyed to defendant the title to a Chevrolet automobile.

3. **Cancellation and Rescission of Instruments § 3.1; Husband and Wife § 12.1— separation agreement — mental incompetency — ratification**

   Even though plaintiff presented some evidence that he was incompetent at the time he signed a separation agreement, summary judgment was properly entered for defendant in plaintiff's action to set aside the agreement where there was plenary evidence that plaintiff ratified the agreement and plaintiff offered no evidence that he continued to suffer from the alleged mental illness when his acts of ratification occurred.

APPEAL by plaintiff from *Alexander, Judge.* Judgment entered 6 February 1981 Session of FORSYTH County District Court. Heard in the Court of Appeals 21 October 1981.

Plaintiff sought to set aside a separation agreement entered into with defendant. Plaintiff's complaint, filed 29 November 1978, alleged mental incompetency on his part, and undue influence at the time of execution of the agreement.

Plaintiff's evidence showed that he had been under the care of several physicians, was depressed, and had been taking medications prior to the couple's separation on 8 June 1978, the same

day the agreement was signed. Plaintiff presented the affidavit of Dr. Thomas Cannon, in which Dr. Cannon expressed the opinion that plaintiff may have suffered from impaired judgment, affecting his ability intelligently to negotiate for the division of property at the time he signed the agreement.

Plaintiff also offered evidence that defendant exercised undue influence by asking him to leave home, by telling plaintiff, family and friends that he needed psychiatric help and that he was "crazy", and by breaking his glasses.

The separation agreement was largely honored by both sides, the only breach thereof being plaintiff's nonpayment of alimony after October 1978.

Defendant filed a motion for summary judgment. The trial court found no issue of fact and granted defendant's motion. Plaintiff appeals.

*Pettyjohn and Molitoris, by Theodore M. Molitoris, for plaintiff appellant.*

*White and Crumpler, by Robert B. Womble, for defendant appellee.*

MORRIS, Chief Judge.

Rule 56 does not require the movant to set forth the grounds upon which he bases a motion for summary judgment, *Conover v. Newton,* 297 N.C. 506, 256 S.E. 2d 216 (1979), and, of course, the very nature of the motion obviates the necessity for findings of fact. We assume that the trial judge determined defendant's evidence of ratification sufficient to meet her burden of persuasion on the affirmative defense, negating the existence of any genuine issue of material fact on the allegations of incompetency and undue influence. These grounds, which we find sufficient, are dispositive. Hence, we choose only to outline the basis of our determination that evidence of plaintiff's ratification of the separation agreement resulted in a lack of triable issue of fact.

[1]  G.S. 1A-1, Rule 8(c) requires that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense." We note that defendants' answer did not contain the defense of ratification. Rule 56, however, does not limit consideration of a motion for

summary judgment to the pleadings. The court may consider depositions, answers to interrogatories, admissions on file and affidavits. Indeed,

> [T]he nature of summary judgment procedure (G.S. 1A-1, Rule 56), coupled with our generally liberal rules relating to amendment of pleadings, require that unpleaded affirmative defenses be deemed part of the pleadings where such defenses are raised in a hearing on motion for summary judgment. *Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). See also 6 Moore, Federal Practice (2d ed. 1976) § 56-736.

*Cooke v. Cooke*, 34 N.C. App. 124, 125, 237 S.E. 2d 323, 324, *cert. denied*, 293 N.C. 740, 241 S.E. 2d 513 (1977). Thus, although it is better practice to require a formal amendment to the pleadings, unpleaded defenses, when raised by the evidence, should be considered in resolving a motion for summary judgment. *Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976).

[2] A transaction procured by undue influence may be ratified by the victim, foreclosing a subsequent suit to vitiate the contract. *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971). The pleadings, answers to interrogatories and affidavits clearly show that plaintiff acceded to the separation agreement. Plaintiff maintains that the acts constituting defendant's exercise of undue influence occurred prior to execution of the agreement, and he does not allege, nor does the record reveal, any undue influence after 8 June 1978, the date the agreement was signed. Plaintiff, between 8 June 1978 and the filing of his action on 29 November 1978, accepted and retained all benefit growing out of the agreement. Defendant made all the tax, mortgage, and insurance premium payments on the dwelling owned by defendant and plaintiff as tenants in common. She also contributed to its general maintenance. She transferred to plaintiff certain property listed in the separation agreement, including title to and possession of a 1974 Cadillac automobile. Plaintiff recognized the legitimacy of the agreement by continued performance thereunder after any purported duress had terminated. He made alimony payments from July until November of 1978. He further acknowledged the validity of the agreement by conveying full possession and title to the parties' 1967 Chevrolet automobile. Plaintiff thus acquiesced for months in the separation agreement which he would now

avoid. He has shown no ground for rescission based upon the exercise of undue influence.

[3] Plaintiff, in addition, was unable to show that he could support his position on incompetency by the offer of proof at trial. With regard to the standard of competency required validly to enter a contract,

> [w]e have said . . . that . . . a person has mental capacity sufficient to contract if he knows what he is about [*Moffit v. Witherspoon*, 32 N.C., 185; *Paine v. Roberts*, 82 N.C., 451], and that the measure of capacity is the ability to understand the nature of the act in which he is engaged and its scope and effect, or its nature and consequences, not that he should be able to act wisely or discreetly, nor to drive a good bargain, but that he should be in such possession of his faculties as to enable him to know at least what he is doing and to contract understandingly.

*Sprinkle v. Wellborn*, 140 N.C. 163, 181, 52 S.E. 666, 672 (1905). Plaintiff's evidence shows that he suffered headaches, anxiety and mild to moderate depression prior to signing the agreement, and he submitted the affidavit of a physician who treated him. Dr. Thomas B. Cannon stated under oath that, in his opinion, plaintiff's judgment may have been impaired, affecting his ability "to negotiate or understand the nature and extent of the property that he owned and to reasonably, intelligently and voluntarily dispose of the property by a Separation Agreement or any other rational exchange of properties, all due to his depressed state, medication and general health condition." This information, if taken alone, perhaps would be sufficient to raise a genuine issue of plaintiff's ability to grasp the nature and consequences of his actions. Plaintiff failed, however, to make a showing sufficient to indicate continued incompetence in the face of the evidence of ratification.

The party seeking to exercise the privilege of avoidance has the burden of proof on the question of whether he was mentally ill. Everyone is presumed to be sane until the contrary appears. 2 Stansbury's N.C. Evidence § 238 (Brandis rev. 1973). Also, when the movant has satisfied his burden on a motion for summary judgment, the respondent may not simply rely on the allegations in the pleadings, but must reply by submitting contrary informa-

tion showing that a genuine issue of fact exists. *Hotel Corp. v. Taylor* and *Fletcher v. Foremans, Inc.*, 301 N.C. 200, 271 S.E. 2d 54 (1980).

Though there is some evidence of incompetency at the time the agreement was signed, the record contains no information as to how long plaintiff continued to suffer the allegedly debilitating mental illness. Plaintiff could not have ratified the separation agreement as long as his condition remained unchanged. *See Walker v. McLaurin*, 227 N.C. 53, 40 S.E. 2d 455 (1946). Yet there is plenary evidence of ratification. We deem it incumbent upon plaintiff, in the face of the presumption of competence, the evidence of ratification, and defendant's motion for summary judgment, to offer evidence of his continued incapacity which would counter defendant's affirmative defense. This, plaintiff failed to do.

The court awarded summary judgment in favor of the party with the burden of proof. Such grant is appropriate if the movant's evidence is not self-contradictory and there is no question of witness credibility, as here. The evidence in this case is also direct, without gaps, and does not require application of any legal principle upon which reasonable minds could differ. See generally *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). We thus find that defendant met the burden of persuasion on the affirmative defense of ratification by the strength of her own evidence, even though her affidavits and supporting material were not challenged.

The order of summary judgment for defendant was appropriately entered. The court's judgment is, therefore,

Affirmed.

Judges ARNOLD and BECTON concur.