THOMCO REALTY, INC., PLAINTIFF v. T. ROY HELMS AND MARGIE T. HELMS, DEFENDANTS

No. 9120DC653

(Filed 4 August 1992)

**Brokers and Factors § 47 (NCI4th)— real estate commission— existence of contract—summary judgment for plaintiff**

The trial court properly granted summary judgment for plaintiff realty company in an action to recover a sales commis-

sion where defendants argued that a handwritten document, executed after the original listing expired, was patently ambiguous and created no contractual obligation. The agreement clearly provided that plaintiff would receive a commission of ten percent of the sale price; the agreement specifies the time of payment; and mutual assent is evidenced by the signatures of defendants. Any ambiguities were only latent and extrinsic evidence was admissible to explain and clarify its terms. The extrinsic evidence admitted establishes that the loan referred to in the agreement was the financing arrangement of the sales price and that the parties agreed that plaintiff was to receive a ten percent real estate sales commission in the amount of $6,500.

**Am Jur 2d, Brokers §§ 248, 251-253.**

APPEAL by defendants from judgment entered 15 April 1991 by *Judge Kenneth W. Honeycutt* in UNION County District Court. Heard in the Court of Appeals 16 April 1992.

Plaintiff, a realty company, brought this action against defendants to recover a real estate sales commission in the amount of $6,500. The pleadings, affidavits and depositions before the trial court tend to show that on 31 July 1984, J. Hoyle Helms (now deceased, husband of defendant Margie T. Helms), and defendant T. Roy Helms signed an exclusive listing contract with plaintiff. The terms of this agreement provided that plaintiff had the exclusive right to sell defendants' real property located in Union County and if plaintiff procured a buyer, it would receive a ten percent commission from the sale. This listing contract ultimately expired on 30 June 1985; however, defendants expressed their desire for plaintiff to continue searching for a buyer.

During late 1984 or early 1985, William M. Ivey (Ivey) expressed an interest in purchasing the property. He signed a contract to purchase the property, however, he was unable to obtain the requisite financing. During late summer of 1985, Mr. Ivey and defendants came to an agreement on the purchase price of $65,000 for the property and defendants took two $32,500 promissory notes in payment thereof.

On 3 September 1985, Ivey and defendants signed a handwritten document which plaintiff contends was a contract whereby

THOMCO REALTY, INC. v. HELMS

[107 N.C. App. 224 (1992)]

defendants agreed to pay plaintiff a real estate sales commission in the amount of $6,500 when the promissory notes were paid off.

In August 1988, pursuant to a demand made, the two promissory notes were paid in full. After learning of the discharge of the promissory notes, plaintiff demanded payment of their real estate sales commission from defendants. Defendants refused to pay and plaintiff instituted the present action. After reviewing the pleadings, affidavits and depositions, the trial court granted plaintiff's motion for summary judgment. By terms of this judgment, defendants were ordered to pay $6,500 plus interest.

*Perry and Bundy, by H. Ligon Bundy, for plaintiff appellee.*

*Cecil M. Curtis for defendant appellants.*

WALKER, Judge.

Defendants now argue that the handwritten document dated 3 September 1985 was patently ambiguous, creating no contractual relations between plaintiff and defendant. Therefore, defendants contend the trial court erred when it considered materials from affidavits and depositions to explain any ambiguities and entered summary judgment for plaintiff pursuant to the terms of this document. We disagree and uphold the decision of the trial court.

Summary judgment should be rendered only when the pleadings, depositions, answers to interrogatories, admissions, and affidavits disclose no genuine issue of material fact entitling the moving party to judgment as a matter of law. *Town of West Jefferson v. Edwards*, 74 N.C.App. 377, 329 S.E.2d 407 (1985). If an issue of material fact exists, then the trial court should not grant summary judgment. The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact. *Brawley v. Brawley*, 87 N.C.App. 545, 361 S.E.2d 759 (1987), *disc. review denied*, 321 N.C. 471, 364 S.E.2d 918 (1988).

In the present case, the document in controversy provides:

9-3-85

Pay off entire loan 5 yrs from date (9-3-90).

Thomco Realty to receive 10% commission of $6,500. Payable 10% of payments received by Mr. James Hoyle Helms & Mr.

**THOMCO REALTY, INC. v. HELMS**

[107 N.C. App. 224 (1992)]

T. Roy Helms. When loan is re-financed & paid off the total balance will be due.

| | |
|---|---|
| S/J. Hoyle Helms | Seal |
| S/Margie T. Helms | Seal |
| S/T. Roy Helms | Seal |
| S/William M. Ivey | Seal |

Witness: S/Anne O. Helms

1st Payment of $500 due 11-1-85 to be made payable as follows: T. Roy Helms $225.00; James Hoyle Helms $225.00; Thomco Realty $50.00. All payments will be divided same way.

Defendants contend that this document is not a contract because the terms are too vague and the document fails to show any consideration given by plaintiff.

The law generally does not dictate the terms of a contract. The law does require that before a valid and enforceable contract can exist, there must be mutual agreement between the parties upon the terms of the contract. *Brawley v. Brawley*, 87 N.C.App. 545, 361 S.E.2d 759 (1987), *disc. review denied*, 321 N.C. 471, 364 S.E.2d 918 (1988). This requirement means that the terms of the parties' agreement must be definite or capable of being made definite. However, a written agreement will not be held unenforceable because of uncertainty if the intent of the parties can be determined from the language used, construed with reference to the circumstances surrounding the making of the contract thereby reducing the terms to a reasonable certainty. *Id.* If only a latent ambiguity exists, then such evidence as preliminary negotiations and surrounding circumstances may be considered in order to clarify the terms and determine what the parties intended. *Emerson v. Carras*, 33 N.C.App. 91, 234 S.E.2d 642 (1977). Latent ambiguities arise when there is confusion as to how to apply the words of an instrument to the object or subject which they describe. *Id.* While an instrument containing a latent ambiguity is still enforceable (if extrinsic evidence exists to clarify the ambiguity), a patently ambiguous instrument is void. *Williamson v. Miller*, 231 N.C. 722, 58 S.E.2d 743 (1950). Patent ambiguities arise when "the uncertainty as to the meaning of a contract is so great as to prevent the giving

of any legal remedy, direct or indirect." *Id.* at 728, 58 S.E.2d at 747. These severe defects cannot be cured by matters outside the instrument. *Brooks v. Hackney*, 329 N.C. 166, 404 S.E.2d 854 (1991).

Here, after the listing contract expired, Mr. Ivey agreed on 3 September 1985 to purchase the property for $65,000 and the parties executed the handwritten document which is in controversy. In reviewing this document, we conclude the parties entered into an agreement for the payment of a commission owed to plaintiff. This agreement, as did the prior listing contract, clearly provided that plaintiff would receive a commission in the amount of ten percent of the sale price. The plaintiff's commission is in the amount of $6,500 which is ten percent of the sale price of $65,000. Contrary to defendants' contentions, the fact that plaintiff was involved in the sale of the property to Ivey and is now owed a "commission" establishes that plaintiff is entitled to compensation. The agreement also specifies the time of payment: "when loan is re-financed & paid off the total balance will be due." Furthermore, an essential contractual term, mutual assent, is evidenced by the signatures of defendants. As our discussion illustrates, the agreement contained all relevant contractual terms. Therefore any ambiguities in this contract were only latent in nature and extrinsic evidence was admissible to explain and clarify the contract's terms.

The trial court considered several affidavits and depositions which plaintiff offered in support of its motion for summary judgment. Defendants offered no affidavits or anything else in response to plaintiff's motion or in support of their motion for summary judgment. The burden of establishing a lack of any triable issue is characterized as follows:

> The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992), *quoting Collingwood v. G. E. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). Plaintiff has met its burden under *Roumillat*. While the loan referred to in the handwritten contract is not defined, the extrinsic evidence admitted clarifies this point. As the affidavits and depositions show, the

$65,000 purchase price was financed by the defendants who took two $32,500 promissory notes in payment. Clearly the term "loan" in the handwritten contract refers to this financing arrangement of the $65,000 sales price. The extrinsic evidence admitted also establishes the parties agreed plaintiff was to receive a ten percent real estate sales commission in the amount of $6,500. Of particular relevance is the following excerpt from the deposition of defendant T. Roy Helms:

> Q. When you signed this document that's marked Plaintiff's Exhibit Number 2 [the document in controversy], was it your understanding that Thomco Realty was to receive a commission of ten percent of what you received for helping you sell the property?
>
> . . . .
>
> A. Yeah.
>
> Q. That was your understanding?
>
> A. Yeah.

The 3 September 1985 handwritten agreement coupled with the properly admitted extrinsic evidence discloses that plaintiff is owed a real estate sales commission in the amount of $6,500. Accordingly, we hold that plaintiff has carried its burden of establishing the absence of any triable issue of fact and therefore the judgment of the trial court granting plaintiff's motion for summary judgment is

Affirmed.

Judges LEWIS and WYNN concur.