JUDY ANN SIDDEN, Plaintiff v. RICHARD BERNARD MAILMAN, Defendant

No. COA01-63

(Filed 21 May 2002)

**Divorce— separation agreement—waiver of any fiduciary duty**

> The trial court correctly upheld a separation agreement where plaintiff argued that the agreement should be set aside and an equitable distribution hearing allowed because defendant had breached a fiduciary duty by failing to disclose the value of his state retirement account. Any fiduciary duty was waived because plaintiff's actions establish that plaintiff's decision to sign the agreement was based on her desire to finalize the separation and

that the value of defendant's state retirement account was not material to her decision.

Judge GREENE dissenting.

Appeal by plaintiff from a supplemental order entered 9 October 2000 by Judge Alonzo B. Coleman, Jr. in Orange County District Court. Heard in the Court of Appeals 4 December 2001.

*Sheridan & Steffan, P.C., by Mark T. Sheridan, for plaintiff-appellant.*

*The Brough Law Firm, by G. Nicholas Herman, for defendant-appellee.*

CAMPBELL, Judge.

Plaintiff appeals a supplemental order affirming a separation and property settlement agreement between plaintiff and defendant based on plaintiff's failure to present facts supporting her entitlement to relief under the theory of breach of fiduciary duty. We affirm.

A full statement of the facts is set forth in this Court's earlier opinion of *Sidden v. Mailman*, 137 N.C. App. 669, 529 S.E.2d 266 (2000) (*"Sidden I"*). Therefore, we summarize the facts to present only those facts needed for an understanding of this opinion: Plaintiff and defendant were married on 21 April 1979. On 15 August 1996, the parties separated and defendant moved out of the marital home. Thereafter, defendant prepared a listing of the parties' assets and liabilities, which did not include defendant's North Carolina State Employees' Retirement Account ("state retirement account") that was worth $158,100.00. Later, at trial, defendant testified that this had been an inadvertent omission.

After discussing the listing of assets and liabilities prepared by defendant, the parties signed a one-page informal agreement on 1 September 1996 that outlined the terms of their separation. This separation agreement ("Agreement") was formalized on 9 September 1996 by Wayne Hadler ("Attorney Hadler"), an attorney retained by defendant. The Agreement stated, in part, that: "All retirement benefits, pension accounts, IRA or annuity benefits associated with [defendant's] employment . . . shall be deemed [defendant's] sole, exclusive and separate property. [Plaintiff] releases any and all interest she may have in the same." The Agreement did not specify the values of the accounts or specifically list defendant's different retire-

ment accounts. Before signing the Agreement, plaintiff was informed by Attorney Hadler that he could not give her advice because he represented defendant. However, Attorney Hadler did encourage plaintiff to have the Agreement reviewed by separate counsel. Despite this encouragement, the Agreement was executed by both parties and acknowledged before a notary on 10 September 1996 without plaintiff consulting separate counsel.

On 29 July 1997, plaintiff filed a complaint alleging the Agreement should be set aside because she entered into the Agreement at a time when she was suffering from psychosis and hypo-mania, as well as alcohol abuse due to marital and professional problems.[1] After hearing evidence from both parties, the trial court entered an order on 29 January 1999 holding that "[a]t the time the Plaintiff signed the Agreement she was not under the influence of any psychiatric disorder nor under the influence of any drug-induced mania or abuse of alcohol, and was instead in all respects emotionally and legally competent to enter into the Agreement." The court also noted that plaintiff entered into the Agreement after voluntarily electing not to seek the advice of counsel. Finally, the trial court held that plaintiff:

> [O]ffered no evidence that she was unaware of the Defendant's retirement benefits and she did not plead mistake or breach of fiduciary duty in her Complaint nor did she offer any evidence of same; the Plaintiff voluntarily and knowingly signed the Separation Agreement in which she waived her rights to the Defendant's retirement benefits.

Plaintiff appealed this order.

The appeal was heard by this Court on 25 January 2000. In our opinion filed on 2 May 2000 we held that the trial court correctly determined that plaintiff was mentally competent when she entered into the Agreement. *See Sidden I.* However, we found that plaintiff did present some evidence of a breach of fiduciary duty by defendant because defendant's admission that he had inadvertently omitted the existence of his state retirement account from the listing he prepared was "tantamount to an amendment to the complaint that Defendant failed to disclose a material asset." *Id.* at 678, 529 S.E.2d at 272. Thus, the case was remanded to the trial court to enter findings and con-

---

1. Plaintiff also alleged five other causes of action, but discussion of those actions are not relevant to the present case. The current cause of action at issue was severed from the other issues and ruled on separately by the trial court.

clusions on the breach of fiduciary duty issue based on the evidence in the record. *Id.* at 679, 529 S.E.2d at 273.

On remand, the trial court decided the breach of fiduciary duty issue by considering the transcript, the record and the decision of this Court, as well as additional case law. In a supplemental order entered on 9 October 2000, the trial court concluded that the facts surrounding the parties' marriage, including the time between their separation and the signing of the Agreement, were insufficient to establish a confidential relationship giving rise to a fiduciary duty. The court also concluded that:

> 4. [Even if it was required to find that such a relationship existed simply because the parties were married,] Plaintiff waived any duty the [Defendant] may have had to disclose the value of the State Retirement to her and as a result of this waiver, Defendant had no further duty to make disclosure to her. . . .

> 5. Even if Defendant had made the disclosure of the value of the State Retirement account to Plaintiff, she would not have acted any differently, as she would have not been aware of such value because she refused to read the disclosure documents which were given to her by the Defendant. Thus, even if such documents had included the value of the State Retirement account, Plaintiff would have acted as she did. . . .

Therefore, the trial court's original order was affirmed. Plaintiff appeals this supplemental order.

By plaintiff's two assignments of error she essentially argues the parties' Agreement should be set aside and an equitable distribution hearing on the merits be allowed because defendant breached his fiduciary duty to her when he failed to disclose the value of his state retirement account. We disagree.

A duty to disclose arises "where a fiduciary relationship exists between the parties to [a] transaction." *See Harton v. Harton*, 81 N.C. App. 295, 297, 344 S.E.2d 117, 119 (1986). "The relationship of husband and wife creates such a duty." *Id.* This marital relationship is the "most confidential of all relationships, and transactions between [spouses], to be valid, must be fair and reasonable." *Eubanks v. Eubanks*, 273 N.C. 189, 195-96, 159 S.E.2d 562, 567 (1968) (citation omitted). "However, that duty ends when the parties separate and become adversaries negotiating over the terms of their separation. [Also, t]ermination of the fiduciary relationship is firmly established

when one or both of the parties is represented by counsel." *Harton,* 81 N.C. App. at 297, 344 S.E.2d at 119 (citations omitted).

Plaintiff contends that her separation from defendant was not adversarial and Attorney Hadler's role was only to reduce their Agreement to a formal separation document; therefore, defendant owed her a fiduciary duty to disclose the value of his state retirement account because the parties were still married at the time they entered into the Agreement. However, defendant contends that he did not owe a fiduciary duty to plaintiff because there was no confidential relationship between them when the Agreement was entered into. Defendant further contends that this Court should not be compelled to conclude that a confidential relationship existed simply because he and plaintiff were married.

Based on the facts in this case, we find it unnecessary to address whether a confidential relationship existed between the parties giving rise to a fiduciary duty because plaintiff effectively waived any duty of disclosure defendant may have owed to her.

"A waiver is sometimes defined to be an intentional relinquishment of a known right. The act must be voluntary and must indicate an intention or election to dispense with something of value or to forego some advantage which the party waiving it might at his option have insisted upon." *Guerry v. Trust Co.,* 234 N.C. 644, 648, 68 S.E.2d 272, 275 (1951). "A person *sui juris* may waive practically any right he has unless forbidden by law or public policy. The term, therefore, covers every conceivable right-those relating to procedure and remedy as well as those connected with the substantial subject of contracts." *Clement v. Clement,* 230 N.C. 636, 639, 55 S.E.2d 459, 461 (1949).

In the case *sub judice,* plaintiff's actions resulted in a waiver of any duty defendant may have had to her to disclose the value of his state retirement account. During the trial, Attorney Hadler testified that he told plaintiff to take her time reviewing the Agreement and even encouraged her to seek outside counsel before signing it. Although the state retirement account was not disclosed in the original listing by defendant or in the parties' discussions prior to their execution of the Agreement on 10 September 1996, the Agreement specifically stated that "all retirement benefits" were defendant's sole, exclusive and separate property. Plaintiff reviewed this Agreement alone for ten to fifteen minutes. Thereafter, she signed the Agreement without inquiring as to the value of any retirement bene-

fits, or obtaining legal advice (despite having attorneys available with whom she regularly consulted as to business issues). After we remanded this case, the trial court found that "[e]ven if Defendant had made the disclosure of the value of the State Retirement account to Plaintiff, she would not have been aware of such value because she refused to participate in the process of disclosure and refused to look at what Defendant attempted to disclose to her." These actions establish that the value of defendant's state retirement account was not material to plaintiff's decision to sign the Agreement; rather, plaintiff's decision was based on her desire to finalize her separation from defendant. Also, plaintiff's failure to inquire about the value of any of the retirement accounts after reviewing the Agreement further supports our conclusion that she waived her rights to additional disclosures from defendant regarding those accounts.

As stated earlier, a waiver must be given voluntarily. *See Guerry*, 234 N.C. at 648, 68 S.E.2d at 275. This Court determined in *Sidden I* that plaintiff's mental condition did not impair her judgment at the time she signed the Agreement. Our determination was supported by Attorney Hadler, "who holds a Master's degree in Social Work and previously worked for twelve years as a social worker . . . testif[ying] that he did not see anything about Plaintiff's appearance, demeanor, or behavior that would indicate she was confused or lacked the capacity to enter into the Agreement." *Sidden I*, 137 N.C. App. 669, 671, 529 S.E.2d 226, 268 (2000). Thus, we also conclude that plaintiff's mental condition did not impair her ability to voluntarily waive any duty defendant may have had to disclose the value of his state retirement account.

We are cognizant of the fact that defendant never pled waiver as an affirmative defense as required by N.C. Gen. Stat. § 1A-1, Rule 8(c) (2001). However, defendant would have had to have been prescient to have pled waiver in his answer since plaintiff had never made an allegation of breach of fiduciary duty in her complaint. This allegation appears only by judicial amendment to the complaint in *Sidden I* where this Court held that defendant's failure to disclose the extent of his state retirement account was "tantamount to an amendment to the complaint that Defendant failed to disclose a material asset." *Sidden I*, 137 N.C. App. at 678, 529 S.E.2d at 272.[2] Additionally, the record contains no assignment of error by plaintiff nor does plaintiff's

2. This Court first points out in *Sidden I* that "[t]he trial court found Plaintiff 'did not plead . . . breach of fiduciary duty in her Complaint nor did she offer any evidence of same.' " *Id.* at 677, 529 S.E.2d at 272. Then we went on to say:

brief argue that defendant did not plead waiver as an affirmative defense. Thus such an argument would appropriately be deemed abandoned. *See* N.C.R. App. P. 28(b)(5) (2001).

For the reasons stated, we hold that the trial court was correct in upholding the Agreement between the parties, because plaintiff cannot support her claim for relief under a theory of breach of fiduciary duty.

Affirmed.

Judge McCULLOUGH concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting.

The trial court determined there existed a "confidential relationship . . . between [plaintiff and defendant] as of the signing of the [A]greement" and defendant's "failure to disclose the amount of his State Retirement account was a breach of [his] fiduciary duty [to plaintiff]." Defendant does not assign error to these determinations, and they are thus presumed to be supported by competent evidence, based on a proper construction of the law, and binding on appeal. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

The trial court further determined, however, that plaintiff was precluded from recovering for defendant's breach because she had "waived this breach." According to the trial court, this waiver was supported by plaintiff's failure to "take some action to learn the value of the State Retirement account," and this failure "establishes that there was no reasonable or justifiable reliance upon [d]efendant's failure to disclose."

Waiver is an affirmative defense, N.C.G.S. § 1A-1, Rule 8(c) (1999), and because it was not pled by defendant and the record does not reveal the issue was tried by the express or implied consent of the

---

[A]t trial, however, Defendant admitted he did not disclose to Plaintiff the existence of his State Retirement Account, and the admission of this evidence is tantamount to an amendment to the complaint that Defendant failed to disclose a material asset. N.C.G.S. § 1A-1, Rule 15(b) (1999). With this amendment, the complaint sufficiently alleges Defendant breached his fiduciary duty to Plaintiff when he failed to disclose the existence of his State Retirement Account.

*Id.* at 678, 529 S.E.2d at 272.

parties, it cannot be a basis for resolving this case, *see Sloan v. Miller Bldg. Corp.*, 128 N.C. App. 37, 43, 493 S.E.2d 460, 464 (1997). In any event, the general rule in fraud cases that the representee has a duty to exercise due diligence "does not apply if a relation of trust or confidence exists between the parties, so that one of them places peculiar reliance in the trustworthiness of the other." 37 C.J.S. *Fraud* § 45, at 233 (1997). Thus, plaintiff's failure to take some action to discover the value of defendant's State Retirement account is not fatal to her claim.

Accordingly, I would reverse the order of the trial court and remand for entry of an order rescinding the Agreement. I, therefore, dissent.