BARBARA R. SEARCY, Plaintiff v. GREGORY BLAKE SEARCY, Defendant

No. COA11-11

(Filed 20 September 2011)

**Fraud—constructive—assets not listed for equitable distribution**

There was a material issue of fact as to plaintiff's action for constructive fraud where defendant failed to disclose purchase money notes in his list of assets for equitable distribution. A fiduciary relationship existed when plaintiff alleged that the constructive fraud occurred and, although plaintiff did not make those assertions in her initial pleadings, the pleadings are considered amended where the evidence at a summary judgment hearing would justify an amendment.

Appeal by Plaintiff from Orders entered 21 September 2010 and 28 September 2010 by Judge Karen A. Alexander in Carteret County District Court. Heard in the Court of Appeals 23 May 2011.

*Trimpi & Nash, LLP, by John G. Trimpi, for Plaintiff.*

*Kirkman, Whitford, Brady and Berryman, by Kimberly L. Farias, for Defendant.*

THIGPEN, Judge.

Barbara R. Searcy ("Plaintiff") appeals from an order granting Gregory Blake Searcy's ("Defendant") motion for summary judgment on the issue of whether their separation agreement is valid and enforceable. We must determine whether a genuine issue of material fact exists regarding Plaintiff's allegations that Defendant committed constructive fraud when the parties were in a fiduciary relationship. We conclude the trial court erred by entering summary judgment in favor of Defendant.

The evidence of record tends to show that Plaintiff married Defendant on 22 June 1983, and Plaintiff and Defendant jointly owned a marital home in Emerald Isle, North Carolina, worth $400,000.00, with a mortgage of $334,164.40. Plaintiff and Defendant also jointly owned a lot adjacent to the marital home worth $82,000.00. On 12 August 2003, during Plaintiff and Defendant's marriage, Defendant acquired an interest in two parcels of real property, Lot 17 and Lot 18 in Surf Landing Cove, North Carolina. On 27 July 2004, Plaintiff and Defendant deeded both Lot 17 and Lot 18 to Builders by Design. The

deeds were executed and recorded in the Carteret County Registry, and Plaintiff signed a HUD-1 Settlement Statement for each transaction showing Defendant receiving purchase money notes in the amount of $73,400.00 for Lot 17 and $75,400.00 for Lot 18 in Defendant's name.

On 16 February 2005, Plaintiff told Defendant she wanted a divorce, and in early March, Plaintiff and Defendant met with Attorney Arnold Stone ("Attorney Stone"), who mediated Plaintiff and Defendant's division of marital property. Attorney Stone told the parties to compile a list of Plaintiff and Defendant's assets and liabilities. Defendant did not include the purchase money notes in the amounts of $73,400.00 for Lot 17 and $75,400.00 for Lot 18 in the list of his assets.

On 13 April 2005, the parties separated. On 25 April 2005, Plaintiff and Defendant bought a condominium in Morehead City for Plaintiff and jointly signed a note and deed of trust for the purchase price.

On 25 April 2005, Defendant received a check for $75,400.00. On 7 June 2005, Defendant received a second check for $75,400.00. These checks were proceeds from the sale of Lot 17 and Lot 18 in Surf Landing Cove.[1]

On 10 June 2005, the parties executed a separation agreement before a notary public, purporting to equitably divide the marital property. The agreement provided that Defendant would be the residential parent and legal custodian of the minor child and would receive the marital home and lot adjacent to the marital home. Defendant agreed to pay off all marital debt, which consisted of credit card debt of approximately $26,000.00. Defendant also agreed to pay Plaintiff $82,000.00 over ten years for her interest in the marital home and adjacent lot by making two payments of $5,000.00, one on 1 July 2005 and one on 1 July 2006, and by making $600 payments per month for 120 months beginning 1 July 2005. Plaintiff received the condominium in Morehead City pursuant to the agreement. The agreement stated, "This Agreement is effective April 13th, 2005, although either or both parties may have signed it before or after that date." The agreement also included a mutual release, which stated the following:

> [E]ach party does hereby release and discharge the other of and from all causes of action, claims, rights or demands whatsoever,

---

1. There is an unexplained $2,000.00 discrepancy between the purchase money note in the amount of $73,400.00 for Lot 17 and the check in the amount of $75,400.00.

at law or in equity, which either of the parties ever had or now has against the other, known or unknown, by reason of any matter, cause or thing up to the date of execution of this Agreement, except the cause of action for divorce based upon the separation of the parties.

The purchase money notes in the amounts of $73,400.00 for Lot 17 and $75,400.00 for Lot 18 were not mentioned in the separation agreement.

On 1 July 2005, quitclaim deeds were executed transferring property between the parties in accordance with the separation agreement. The divorce judgment for the parties was entered 9 June 2006, which did not incorporate the separation agreement.

On 13 June 2008, Plaintiff filed a complaint alleging legal malpractice, breach of fiduciary duty, constructive fraud, punitive damages, and statutory damages. Plaintiff claimed that Defendant and Attorney Stone perpetrated fraud in the execution of deeds transferring property. Plaintiff's complaint prayed that the court set aside the conveyances of property from Plaintiff to Defendant; that the court determine Plaintiff had valid claims for equitable distribution, alimony, and post-separation support; and that Defendant and Attorney Stone be held liable for an award of punitive and treble damages to Plaintiff. The complaint also alleged that Defendant had paid her $600 per month for only twenty-four months and had "informed the Plaintiff that the payments were not to purchase the lot but were in fact for support."

On 1 July 2008, Defendants filed an answer and counterclaim asserting that the separation agreement was a bar to recovery. Defendant's answer contained a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

On 9 February 2009, Plaintiff filed a motion to amend her complaint, stating that although she had requested a copy of the separation agreement from Defendant and from Attorney Stone, she had not been provided a copy of the separation agreement until Defendant attached the document to the answer to Plaintiff's complaint. Plaintiff also stated in her motion to amend that Defendant did not disclose all of his assets in the division of property, specifically, the purchase money notes in the amounts of $73,400.00 for Lot 17 and $75,400.00 for Lot 18. On 15 October 2009, Plaintiff filed a second motion to amend and voluntarily dismissed Attorney Stone from the action. On

22 October 2009, Plaintiff filed a third motion to amend the complaint. Plaintiff's motions to amend were denied on 13 April 2010.

On 5 February 2009, Defendant filed a motion for summary judgment contending there was no genuine issue of material fact and Defendant was entitled to judgment as a matter of law. Plaintiff responded to Defendant's motion for summary judgment with exhibits and affidavits.

On 21 September 2010, the trial court entered an order granting in part Defendant's Rule 12(b)(6) motion and dismissing with prejudice all of Plaintiff's causes of action in her complaint except her cause of action for constructive fraud. On the same day, the trial court entered an order granting Defendant's motion for summary judgment and dismissing, with prejudice, the issue of constructive fraud. The order stated the following:

2. The parties' Separation Agreement executed by the parties on [the] 10th day of June, 2005, which had an effective date of April 13, 2005, is valid and enforceable.

3. No fiduciary duty existed between the parties after the effective date of the Separation Agreement.

4. At the time of the execution of the deeds which transferred the properties pursuant to the Separation Agreement no fiduciary duty existed between the parties.

5. The Separation Agreement entered into by the parties is a complete bar to the recovery sought by Plaintiff.

From both orders entered 21 September 2010, Plaintiff appeals. However, on appeal, Plaintiff stated in her brief, "[t]he issues plaintiff intends to argue on appeal . . . are those relating to [the trial court's] ruling on summary judgment."

I: Summary Judgment

Plaintiff argues on appeal the trial court erred in awarding summary judgment to Defendant and dismissing Plaintiff's complaint. Plaintiff essentially argues Defendant breached his fiduciary duty to her and committed constructive fraud when he failed to disclose the purchase money notes for Lot 17 and Lot 18 in Surf Landing Cove.

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). "A defendant may show entitlement to summary judgment by: (1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim." *Carcano v. JBSS, LLC*, 200 N.C. App. 162, 166, 684 S.E.2d 41, 46 (2009) (quotation omitted). "The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact." *Thomco Realty, Inc. v. Helms*, 107 N.C. App. 224, 226, 418 S.E.2d 834, 835-36, *disc. review denied*, 332 N.C. 672, 424 S.E.2d 407 (1992) (citation omitted). When a moving party establishes entitlement to summary judgment, the burden shifts to the non-moving party to forecast evidence that a genuine issue of material fact exists. *Hill v. Hill*, 94 N.C. App. 474, 478, 380 S.E.2d 540, 544 (1989).

"An appeal from an order granting summary judgment solely raises issues of whether on the face of the record there is any genuine issue of material fact, and whether the prevailing party is entitled to judgment as a matter of law." *Carcano*, 200 N.C. App. at 166, 684 S.E.2d at 46. (citation omitted). "We review a trial court's order granting or denying summary judgment *de novo.*" *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Id.* (quotation omitted). Our review, however, "is necessarily limited to whether the trial court's conclusions as to the[] questions of law were correct ones." *Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987). "Summary judgment is improper where there is a genuine issue of material fact as to whether defendant disclosed all material facts pertaining to the [separation] agreement." *Harroff v. Harroff*, 100 N.C. App. 686, 689, 398 S.E.2d 340, 342 (1990), *disc. review denied*, 328 N.C. 330, 402 S.E.2d 833 (1991) (citation omitted).

"Separation [and] property settlement agreements are contracts and as such are subject to recission on the grounds of (1) lack of mental capacity, (2) mistake, (3) fraud, (4) duress, or (5) undue influence." *Sidden v. Mailman*, 137 N.C. App. 669, 675, 529 S.E.2d 266, 270 (2001).

"A duty to disclose arises where a fiduciary relationship exists between the parties to [a] transaction." *Sidden v. Mailman*, 150 N.C. App. 373, 376, 563 S.E.2d 55, 58 (2002) (quotation omitted). "The rela-

tionship of husband and wife creates such a [fiduciary] duty." *Id.* "During a marriage, a husband and wife are in a confidential relationship[;] [i]n this relationship, the parties have a duty to disclose all material facts to one other, and the failure to do so constitutes fraud." *Lancaster v. Lancaster*, 138 N.C. App. 459, 462, 530 S.E.2d 82, 84 (2000). "However, th[e] [fiduciary] duty ends when the parties separate and become adversaries negotiating over the terms of their separation." *Mailman*, 150 N.C. App. at 376, 563 S.E.2d at 58 (quotation omitted). Furthermore, "[t]ermination of the fiduciary relationship is firmly established when one or both of the parties is represented by counsel." *Id.* at 376-77, 563 S.E.2d at 58 (quotation omitted). However, "the mere involvement of an attorney does not automatically end the confidential relationship." *Lancaster*, 138 N.C. App. at 463, 530 S.E.2d at 85 (citation omitted). "[W]hen one party moves out of the marital home, this too is evidence that the confidential relationship is over, although it is not controlling." *Id.* (citation omitted).

"A claim based on constructive fraud is sufficient if it alleges facts and circumstances (1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust." *Mailman*, 137 N.C. App. at 677, 529 S.E.2d at 272 (quotation omitted). "Further, an essential element of constructive fraud is that defendant[] sought to benefit [himself] in the transaction." *Piles v. Allstate Ins. Co.*, 187 N.C. App. 399, 406, 653 S.E.2d 181, 186 (2007), *disc. review denied*, 362 N.C. 361, 663 S.E.2d 316 (2008) (quotation omitted). "Indeed, [p]ut simply, a plaintiff must show (1) the existence of a fiduciary duty, and (2) a breach of that duty." *Id.* (quotation omitted).

"The pleading must contain an allegation of the particular representation made, . . . [but] there is no requirement there be allegations of dishonesty or intent to deceive, as fraud is presumed from the nature of the relationship[.]" *Mailman*, 137 N.C. App. at 677, 529 S.E.2d at 272 (citation omitted). Nevertheless, "[i]t is sufficient if, upon a liberal construction of the whole pleading, the charge of fraud might be supported by proof of the alleged constitutive facts." *Piles*, 187 N.C. App. at 406, 653 S.E.2d at 186 (quotation omitted).

A constructive fraud claim requires even less particularity because it is based on a confidential relationship rather than a specific misrepresentation. The very nature of constructive fraud defies specific and concise allegations and the particularity require-

ment may be met by alleging facts and circumstances (1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.

*Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678-79 (1981) (citation and quotation omitted).

In the present case, Plaintiff and Defendant consulted Attorney Stone to mediate an equitable distribution of their marital property in early March 2005. Plaintiff and Defendant separated on 13 April 2005, at which time Plaintiff moved into the condominium in Morehead City. Plaintiff and Defendant signed the separation agreement on 10 June 2005, which stated that the effective date was 13 April 2005, and on 1 July 2005, quitclaim deeds were executed by both parties transferring real property as specified in the separation agreement. We do not disagree with the trial court's conclusion that no fiduciary relationship existed between the parties after the effective date of the separation agreement (13 April 2005) or at the date of the execution of the deeds which transferred the properties pursuant to the separation agreement (1 July 2005). At that point, Plaintiff had separated from Defendant. *See Lancaster*, 138 N.C. App. at 463, 530 S.E.2d at 85 (stating, "when one party moves out of the marital home," this is "evidence that the confidential relationship is over"). However, neither the effective date of the separation agreement (13 April 2005) nor the date of the execution of the deeds which transferred the properties pursuant to the separation agreement (1 July 2005) is the appropriate date to consider in Plaintiff's cause of action for constructive fraud. The appropriate date to consider is the date Defendant failed to disclose the purchase money notes for Lot 17 and Lot 18 in Surf Landing Cove in his list of assets. The evidence tends to show this was in March 2005, before Plaintiff separated from Defendant, and before either party retained an attorney. *Id.* at 463, 530 S.E.2d at 85 ("[T]he mere involvement of an attorney does not automatically end the confidential relationship"). Plaintiff stated in her complaint that at that time "a relationship of trust and confidence existed between [Plaintiff] and [Defendant][.]" This is supported by statements in Plaintiff's affidavit, including the following: "I didn't have a lawyer and I didn't think I needed one"; "my ex-husband helped me purchase the things for the new condominium, including a bedroom suite"; and "[w]e continued to maintain cordial relations[.]" The evidence shows that in March 2005, when Plaintiff alleged the constructive fraud

occurred, neither party had retained lawyers or separated from each other. A fiduciary relationship existed at that time.

Defendant argues that assuming a fiduciary relationship existed in March 2005, Plaintiff did not sufficiently plead constructive fraud in her initial complaint, and the motions to amend her complaint were denied. Specifically, Defendant contends that because Plaintiff did not assert that Defendant failed to disclose the purchase money notes for Lot 17 and Lot 18 in Surf Landing Cove in Plaintiff's initial complaint, Plaintiff did not allege constructive fraud with particularity. While we agree that Plaintiff did not make the foregoing assertions in her initial pleadings, we do not believe this bars our consideration of constructive fraud on the basis of failure to disclose the purchase money notes. "Where the evidence presented at a summary judgment hearing would justify an amendment to the pleadings, we will consider the pleadings amended to conform to the evidence raised at the hearing." *Stephenson v. Warren*, 136 N.C. App. 768, 771, 525 S.E.2d 809, 811, *disc. review denied*, 351 N.C. 646, 543 S.E.2d 883 (2000). At the hearing on summary judgment in the present case, the trial court considered documents including deeds, notes and deeds of trust for Lot 17 and Lot 18 in Surf Landing Cove, and copies of two checks for $75,400.00 signed by Defendant. The court also received into evidence Plaintiff's affidavit which stated that Defendant did not disclose the 2004 notes and deeds of trust for Lot 17 and Lot 18 when the parties divided the marital assets in March 2005, and Plaintiff did not know these notes existed.[2] It is undisputed that the separation agreement contains no mention of notes for Lot 17 and Lot 18. Consistent with *Stephenson*, we conclude "it is both proper and fair that the complaint in this case be treated as amended to conform to the evidence reviewed on the motion for summary judgment, noting that it is the better procedure at all stages of a trial to require a formal amendment to the pleadings." *Id.* Based on the evidence presented at the hearing on summary judgment, in conjunction with Plaintiff's initial complaint, we further conclude that Plaintiff's claim for constructive fraud was pled with sufficient particularity.

---

2. Defendant contends that Plaintiff did, in fact, know about Lot 17 and Lot 18, because her signatures were on the HUD-1 Settlement Statements. However, this Court held in *Harroff*, 100 N.C. App. at 691, 398 S.E.2d at 344, that summary judgment was inappropriate when the facts involving the defendant's disclosure of assets were in conflict, despite the defendant's contention that the undisclosed assets "were all reported on the couple's tax returns[,]" and the plaintiff had "full access to the couple's income tax returns and asked questions about the returns."

Because a fiduciary relationship existed in March 2005, the time during which the evidence tends to show Defendant failed to disclose the purchase money notes for Lot 17 and Lot 18 in Surf Landing Cove in his list of assets for equitable distribution, and because Defendant had a duty to disclose the aforesaid assets for purposes of equitable distribution, we conclude a genuine issue of material fact exists as to Plaintiff's cause of action for constructive fraud.

REVERSED and REMANDED.

Chief Judge MARTIN and Judge STEPHENS concur.