An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-181

NORTH CAROLINA COURT OF APPEALS

Filed: 5 September 2014

LEVONNE H. SWAIN,
      Plaintiff,

v.                                            Craven County
                                              No. 10 CVD 888
BRYAN S. SWAIN,
      Defendant.


Appeal by defendant from order and judgment entered 17 June 2013 by Judge Paul Quinn in Craven County District Court. Heard in the Court of Appeals 14 August 2014.


*Chesnutt, Clemmons & Peacock, P.A., by Gary H. Clemmons, for plaintiff-appellee.*

*McCotter Ashton, P.A., by Rudolph A. Ashton, III, for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Bryan S. Swain ("Defendant") appeals from an order granting Levonne H. Swain's ("Plaintiff") motion for summary judgment and concluding that the separation agreement and property settlement entered into by the parties is valid and enforceable. We affirm.

Plaintiff and Defendant were married on 30 December 1999. On 10 June 2009, the parties separated. On 3 August 2009, the parties entered into a Separation and Property Settlement Agreement ("the Agreement"). Pursuant to the Agreement, Plaintiff received, *inter alia*, the marital home, household furnishings, and approximately eighty acres of real property acquired by the parties during the marriage. Defendant received, *inter alia*, a 1999 Jeep Wrangler, full ownership of his 401(k) assets, a gun collection, and a division of shop tools acquired by the parties during the marriage. Defendant was also paid $15,000 from his father-in-law as an incentive to sign the Agreement.

On 14 June 2010, Plaintiff began this action by filing a complaint seeking a judgment of absolute divorce from Defendant based on a one year separation. Defendant filed an answer on 29 July 2010 alleging that the Agreement "resolved all issues which arose out of the marriage" and requested a judgment of absolute divorce. Before a hearing in the matter, Defendant obtained new counsel and on 9 August 2010, Defendant filed an amended answer and counterclaim seeking rescission of the Agreement and an equitable distribution of property upon divorce pursuant to N.C. Gen. Stat. § 50-20 (2013). Specifically, Defendant alleged that

the Agreement should be rescinded based on: (1) patent and fundamental unfairness, (2) mental incapacity, (3) coercion, duress, and undue influence, and (4) mistake.

Following a reply by Plaintiff to Defendant's counterclaim, the parties began discovery. Thereafter, on 22 January 2013, Plaintiff moved for partial summary judgment on the issue of whether the Agreement was valid and enforceable, asserting that Defendant had ratified the Agreement. A hearing on the motion was held on 3 June 2013. On 17 June 2013, the trial court entered an order and judgment granting Plaintiff's motion and concluding that the Agreement was valid and enforceable. Plaintiff then moved for summary judgment on the issue of absolute divorce, which the trial court granted on 23 July 2013. Defendant appeals.

Before this Court, Defendant contends that the trial court erred in granting summary judgment in favor of Plaintiff with respect to the validity of the Agreement because there are genuine issues of material fact concerning Defendant's grounds for rescission. Specifically, Defendant contends that he forecasted evidence sufficient to send the following issues to the trier of fact: (1) mental capacity, (2) coercion, duress, and undue influence, and (3) constructive fraud.

Although Defendant's answer and counterclaim did not allege constructive fraud as a basis for rescission, the hearing transcript reveals that argument was made on the issue before the trial court at the motion hearing. At the hearing, Defendant argued that the evidence supported a finding that the parties, as husband and wife, were in a fiduciary relationship when the Agreement was signed and that Plaintiff took advantage of that relationship to procure a settlement favorable to herself. *See generally Searcy v. Searcy*, 215 N.C. App. 568, 573, 715 S.E.2d 853, 857 (2011) ("A claim based on constructive fraud is sufficient if it alleges facts and circumstances (1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which [the party] is alleged to have taken advantage of his position of trust." (internal quotation marks and citation omitted) (first alteration in original)).

> [T]he nature of summary judgment procedure (G.S. 1A-1, Rule 56), coupled with our generally liberal rules relating to amendment of pleadings, require that unpleaded affirmative defenses be deemed part of the pleadings where such defenses are raised in a hearing on motion for summary judgment. Thus, although it is better practice to require a formal amendment to the pleadings, unpleaded defenses, when raised by the evidence, should be considered in resolving a motion

for summary judgment.

*Ridings v. Ridings*, 55 N.C. App. 630, 632, 286 S.E.2d 614, 615-16 (1982) (internal quotation marks and citations omitted) (alteration in original); *see also Searcy,* 215 N.C. App. at 575, 715 S.E.2d at 858 (considering a constructive fraud claim based on evidence presented at the hearing on summary judgment). Accordingly, we consider Defendant's constructive fraud claim properly before us. However, because Defendant's brief to this Court makes no argument with respect to the fundamental unfairness of the Agreement or mistake, these issues have been waived on appeal. *See* N.C. R. App. P. 28 ("The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned.").

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). "We review a trial court's order granting or denying summary judgment *de novo*. Under a *de novo* review, the court considers the matter anew and freely substitutes its own

judgment for that of the lower tribunal." *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (internal quotation marks and citations omitted).

Parties to a marriage may, by written agreement, forego their right to equitable distribution and decide between themselves how their marital estate will be divided following divorce. N.C. Gen. Stat. § 50-20(d). "[A] marital separation agreement is generally subject to the same rules of law with respect to its enforcement as any other contract." *Reeder v. Carter*, ___ N.C. App. ___, ___, 740 S.E.2d 913, 917 (2013). Thus, such agreements "are subject to recission on the grounds of (1) lack of mental capacity, (2) mistake, (3) fraud, (4) duress, or (5) undue influence." *Searcy,* 215 N.C. App. at 572, 715 S.E.2d at 857.

However, "a transaction procured by either fraud, duress or undue influence may be ratified by the victim so as to preclude a subsequent suit to set the transaction aside" so long as, at the time of the ratification, "the victim had full knowledge of the facts and was then capable of acting freely." *Link v. Link*, 278 N.C. 181, 197, 179 S.E.2d 697, 706-07 (1971). Likewise, a transaction entered into by a party who lacks capacity may be ratified so as to preclude a subsequent suit to set the

transaction aside. *Ridings*, 55 N.C. App. at 633–34, 286 S.E.2d at 616–17. Because there is a presumption of competence, the party countering evidence of ratification on the basis of incompetency must present evidence of continued incompetence at the time of the ratification. *Id.* at 634, 286 S.E.2d at 617.

"A party ratifies an agreement by retroactively 'authoriz[ing] or otherwise approv[ing] [it], . . . either expressly or by implication.' Thus, ratification can occur where a party accepts benefits and performs under an agreement." *Goodwin v. Webb*, 152 N.C. App. 650, 656, 568 S.E.2d 311, 315 (2002) (Greene, J., dissenting) (alteration in original) (internal citation omitted), *reversed for reasons stated in dissenting opinion by* 357 N.C. 40, 577 S.E.2d 621 (2003). For example, in *Lowry v. Lowry*, 99 N.C. App. 246, 393 S.E.2d 141 (1990), we upheld summary judgment on the basis of a ratification where the plaintiff acquiesced and received benefits under a separation agreement for almost three years without complaint. *Id.* at 253–54, 393 S.E.2d at 145–46; *see also Tripp v. Tripp*, 266 N.C. 378, 380, 146 S.E.2d 507, 508 (1966) (finding ratification where the plaintiff made no complaint until after she had received the benefits under the contract for two full years); *Hill v. Hill*, 94 N.C. App. 474,

479, 380 S.E.2d 540, 544 (1989) (finding ratification where wife continued to accept benefits long after she became aware of the alleged wrongdoing).

Here, we do not need to address whether there were genuine issues of material fact concerning Defendant's alleged grounds for rescission at the time the Agreement was made because uncontroverted evidence in the record shows that Defendant subsequently ratified the agreement. Defendant signed the Agreement on 3 August 2009 and did not present a formal objection to the Agreement until he filed his amended answer and counterclaim on 10 August 2010. During the intervening period of time, Defendant received and possessed the 1999 Jeep Wrangler, the gun collection, and his division of the shop tools. Defendant did not attempt to return these assets to the marital estate. Moreover, Defendant received, deposited, and spent the $15,000 from his father-in-law. Defendant also deposited $24,000 in 401(k) assets into his bank account and spent at least a portion of that money.

Furthermore, in both his answer and amended answer, Defendant admitted that he was not presently incompetent or under legal disability. Without resolving whether the record evidence shows a genuine issue of material fact as to

Defendant's alleged grounds for rescission when the Agreement was made, we hold that Defendant has failed to produce evidence of incompetence, fraud, coercion, duress, or undue influence when Defendant acquiesced in the Agreement. Accordingly, we hold that Defendant has ratified the Agreement and is estopped from denying its authority. *See Pulley v. Pulley*, 255 N.C. 423, 121 S.E.2d 876 (1961). Thus, the trial court did not err in granting Plaintiff's motion for summary judgment with respect to the validity of the Agreement. The trial court's order is affirmed.

AFFIRMED.

Judges STEELMAN and GEER concur.

Report per Rule 30(e).